## No. 99.

### J. R. COGGSWELL *v.* C. F. HENRY AND WIFE.

Where a defendant in an injunction suit allows a judgment to be rendered only against the principal on an injunction bond but not against the surety on the bond, and does not appeal, the matter becomes *res adjudicata* as between the surety and defendant. Code of Practice Art. 304 held directory rather than mandatory.

Where principal on an injunction bond is cast for all costs and damages and the surety is not mentioned in the judgment, the surety on injunction bond may act as surety on the appeal bond.

One appellee cannot obtain relief against his co-appellee.

One who is not a party to a judgment is not estopped from contesting the validity thereof though he might have previously admitted its existence.

*Appealed from Fifth District Court, Parish of Orleans.*

*Dennis P. Saunders,* attorney.

*Merrick, Race* and *Foster,* attorneys.

In this case His Honor Judge Walter H. Rogers having recused himself, for reason of his having been the judge of the

District Court from which the appeal was taken, F. R. Richardson, Esq., Attorney at law, having been requested to assist the Court in determining the questions at issue delivered the opinion and decree of the Court in the words and figures following, to wit;

J. R. Coggswell obtained judgment against C. F. Henry in the late Fifth District Court of this city for the sum of $150.00 interests and costs and caused execution to issue against property as that of the defendant. Mrs. Johanna Henry, wife of defendant claimed to be legally separated in property from her husband, enjoined the seizure upon the ground that the property was hers and alleged it to be worth more than $500.00.

Plaintiff Coggswell answered charging fraud and collusion, and the illegality of the judgment of separation, and prayed for 10% per annum interest, and 20% as damages against her and her surety. There was judgment against her dismissing her application for an injunction and condemning her to pay costs—No reference was made in the judgment to the surety upon the injunction bond. Mrs. Henry has alone appealed. Appellee, J. R. Coggswell, moves to dismiss the appeal on the ground that the surety on the appeal bond is the same person who was surety on the injunction bond. Appellant admits the general principle that the surety on a bond for injunction taken out for the purpose of enjoining the execution of a judgment cannot afterwards be surety on the appeal bond of the party applying for the injunction, for a judgment has been given against the principal and the surety.

Yet he claims that in this case there has been no judgment whatever against the surety, and the judgment rendered without condeming him to pay any amount even costs, is now *res adjudicata* as to him.

Article 304 Code of Practice, reads, "On the trial of the injunction the surety on the bond should be considered as party plaintiff to the suit, and in case the injunction be dissolved, the court in the same judgment, shall condemn the plaintiff and surety, (although that surety be a third person enjoining the

execution of the judgment between other parties) jointly and severally to pay to the defendant interest at the rate of 10% per annum, on the amount of the judgment, and not more than 20% damages, unless damages to a greater extent be proved, and the sureties in such cases, shall not be allowed to avail themselves of the plea of discussion."

Under this article, judgment might have been rendered against the surety, had the judge *a quo* deemed proper to do so; but the record does not show that it was so done.

The article directs the mode of judgment in these cases, where the judgment is not so rendered the surety cannot be held to have been condemned, by the mere force of the article itself. There was not even a judgment against the surety for costs. No appeal has been taken by the defendant, in injunction and, as against him the judgment is *res adjudicata,*—Rice vs. Grant, 12 Ann 755; and 12 Ann 766;

It is claimed that the plaintiff in injunction alone has appealed, the defendant and surety are co-appellees;—that the surety as appellee—should occupy the insufficient position of being interested in having the judgment reversed in favor of the appellant and cites, 30 Ann 1028, Ciroman vs. Kaufman, in that case the judgment of the lower court had been against the surety. This surety and appellee could not have this same judgment reversed, amended, or affirmed against it, for the reasons that the judgment is *res adjudicata* as to him, and his co-appellee Coggswell, could not ask for the amendment of the judgment against them, in the case of .......... 16 Ann 193; and .......... 20 Ann 123, it was held that one appellee cannot obtain relief against his co-appellee. He should have appealed had he desired to do so.

We therefore consider that this case, there being no judgment against the surety upon the injunction bond, he may be a surety upon the appeal bond. The motion to dismiss is denied.

I concur, Frank McGloin.

His Honor Judge Walter H. Rogers having recused himself, he having been the judge of the lower Court from which the

case was appealed, F. R. Richardson, Esq., attorney at law, acting as Judge *ad hoc* delivered the opinion and decree of the Court in the words and figures following, to wit;

J. R. Coggswell having obtained judgment against C. F. Henry, for the sum of $150.00 with interest, caused execution to issue—

Mrs. Johanna Henry, his wife, enjoined, claiming the property seized as hers, and alleged that she was separate in property by judgment of the Sixth District Court of this parish. The seizing creditor answered setting up the nullity of the judgment for separation of property, and that it was obtained after his debt was contracted for the purpose of defrauding him. Mrs. Henry then filed an exception to the answer—of J. R. Coggswell—on the grounds that the answer contradicted the allegations made by him in his original petition, the exception was dismissed and judgment was rendered dissolving the injunction with costs.

From this judgment Mrs. Johanna Henry has appealed. There was a claim for damages made by Mrs. Henry—This claim she has discontinued since the submission of this cause to this Court. Was Plaintiff J. R. Coggswell estopped by his admission from afterwards setting up the nullity of this judgment of separation? We think not. The allegation was, "And your petitioner further represents that Mrs. Johanna Machin, wife of said C. F. Henry—obtained in the Sixth District Court, parish of Orleans, June 29th, 1875, a judgment by default decreeing a separation of property, and putting an end to the community of acquets and gains that existed between herself and her said husband"—The petition goes on further to allege that the debt is a community debt that defendants are bound to pay. Taking all these allegations together it is evident that this was a claim against the husband, and the suit was properly dismissed as against her—and judgment was rendered against the husband. Afterwards when property was seized as that of the husband—and she enjoined and claimed it as hers—this same petition that set up the nullity of the judgment for separation

and charged her with fraud and collusion the allegations cannot be considered as conclusive admission of the validity of the judgment—he designates it as a "judgment by default". The judgment may have been rendered by collusion and fraud—or it may have been rendered without citation—it might nevertheless be termed a judgment.—Had J. R. Coggswell alleged that he was a party to this judgment he would no doubt have been estopped from denying its validity. Then a motion to tax the defendant with costs of a survey was held not to be an admission that the survey was correct, 2 Ann. 626—As the effect of an estoppel may be to shut out the real truth by its artificial representations, estoppels whether at law or in equity are not to be favored or extended by construction, Halsteads, Law of Evidence, vol. 2, page 129, in King vs. Pickett, 32 Ann. 106, "A bankrupt was not estopped from pleading nullity of a judgment because he had placed it on his schedule in the descriptive list against him."

When this judgment was set up against the creditor—he very properly declared it to be fraudulent—as against the creditor it was incumbent upon her to prove not only a judgment, but the validity of that judgment separating her in property from her husband—that the husband was in embarrassed circumstances and the amount, if any, of indebtedness of her husband to her, and this whether the judgment is assailed directly or collaterally, Willis vs. Ward 30, Ann. 1282. The enjoining wife is in the position of plaintiff and must affirmatively show and establish her claim—Block vs. Melville 10 Ann. 784. This she has not done—it does not appear from the record that sufficient proof was introduced to show this property was hers—even if there had been a legal separation of property.

We therefore consider that the injunction obtained by Mrs. Johanna Henry was improperly issued, and the judgment appealed from should be affirmed with costs in both courts.